IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KIM ANDERSON, on behalf of herself and others similarly situated, | )<br>) CASE NO.<br>) |
| Plaintiff, | ) JUDGE<br>) |
| v. | ) **CLASS AND COLLECTIVE ACTION**<br>) **COMPLAINT**<br>) |
| RENT-A-DAUGHTER CORP., | ) **JURY DEMAND INCLUDED HEREON**<br>) |
| Defendant. | ) |

Plaintiff Kim Anderson ("Representative Plaintiff") for her Complaint against Defendant Rent-A-Daughter Corp. alleges as follows:

**INTRODUCTION**

1. This case challenges Defendant's policies and practices that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03.

2. Representative Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability prescribed [by the FLSA] may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who may join this case pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective").

3. Representative Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert factually related claims under Ohio wage-and-hour statutes (the "Ohio Class").

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Representative Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Representative Plaintiff's claims under Ohio law because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial District and Division pursuant to 28 U.S.C. §1391(b). A substantial part of the events or omissions giving rise to Representative Plaintiff's collective claims occurred here.

## PARTIES

7. Representative Plaintiff is a resident of Ohio who was employed by Defendant as a caregiver within the last three years.

8. Defendant Rent-A-Daughter Corp. is a for-profit corporation conducting substantial business in Ohio, and with a principal place of business in Cuyahoga County, Ohio.

9. At all relevant times, Representative Plaintiff and others similarly situated were "employees" within the meaning of the FLSA, 29 U.S.C. § 203(d), and corresponding provisions of Ohio law including the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03.

10. At all relevant times, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and corresponding provisions of Ohio law including the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03.

11. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. At all relevant times, Representative Plaintiff and those similarly situated were

employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

13. Representative Plaintiff's written consent to join this action is being filed pursuant to 29 U.S.C. § 216(b) and is attached as **Exhibit A**.

## FACTUAL ALLEGATIONS

14. At all relevant times, Representative Plaintiff and other similarly situated employees were routinely required to work more than 40 hours per workweek.

15. When Representative Plaintiff and all other similarly situated employees worked more than 40 hours in a workweek, they were not paid an overtime premium in an amount equal to 1.5 times their regular rate of pay.

16. When Representative Plaintiff and all other similarly situated employees engaged in job-to-job travel throughout the day, they were paid no amount.

17. Defendant knowingly and willfully failed to pay Representative Plaintiff and other similarly situated employees overtime premiums when they worked in excess of 40 hours in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

18. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

19. Representative Plaintiff brings this case as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and others similarly situated who have similar claims under the FLSA (the "FLSA Collective"). The FLSA Collective is defined as:

> **All current and former non-exempt caregivers employed by Defendant within the three years preceding the date of the filing of this Complaint to the present who worked 40 or more hours in any workweek during this period of time.**

20. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt hourly caregivers and all were subjected to and injured by Defendants' unlawful practice of failing to them overtime premiums when they worked in excess of 40 hours in a workweek. All have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

21. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

22. The persons similarly situated to Representative Plaintiff are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## CLASS ACTION ALLEGATIONS

23. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

24. Representative Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and others similarly situated who have similar claims under the laws of the State of Ohio (the "Ohio Class"). The Ohio Class is defined as:

> **All current and former non-exempt caregivers employed by Defendant within the two years preceding the date of the filing of this Complaint to the present who worked 40 or more hours in any workweek during this period of time.**

25. The Ohio Class is so numerous that joinder of all class members is impracticable. The exact number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

26. There are questions of law or fact common to the Ohio Class, including but not limited to: Did Defendant fail to pay Representative Plaintiff and other Ohio Class members all the overtime pay they were owed?

27. Representative Plaintiff's claims are typical of the claims of other members of the Ohio Class. Representative Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

28. Representative Plaintiff will fairly and adequately protect the interests of the Ohio Class. Representative Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Representative Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

29. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class, and predominate over any questions affecting only individual class members.

30. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

31. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

32. Representative Plaintiff brings this claim for violations of the FLSA's overtime provisions on behalf of herself and the FLSA Collective members who may join this case pursuant to 29 U.S.C. § 216(b).

33. The FLSA required that Defendant's non-exempt caregivers receive overtime compensation when they worked more than 40 hours in a workweek.

34. As non-exempt caregivers, Representative Plaintiff and the FLSA Collective members should have been paid overtime compensation at the rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a workweek.

35. Defendant failed to pay the required overtime compensation to Representative Plaintiff and the FLSA Collective Members.

36. At all relevant times, Defendant knew that it was required to pay Representative Plaintiff and the FLSA Collective Members overtime compensation.

37. By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

38. As a result of Defendant's violations of the FLSA, Representative Plaintiff and the FLSA Collective Members were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "The court … shall, in addition to any judgment awarded to the Plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the Defendant, and costs of the action." *Id*.

## COUNT TWO
### (Ohio Overtime Violations)

39. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

40. Representative Plaintiff brings this claim for violations of the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03 on behalf of herself and the Ohio Class members for which certification is sought pursuant to Fed. R. Civ. P. 23.

41. Ohio Rev. Code § 4111.10(A) provides that Defendant, having violated § 4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate…and for costs and reasonable attorney's fees as may be allowed by the court."

## PRAYER FOR RELIEF

**WHEREFORE,** Representative Plaintiff, and all similarly situated employees, collectively pray that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to the FLSA Collective informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Representative Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendant and in favor of Representative Plaintiff, the FLSA Collective and the Ohio Class;

D. Award compensatory damages to Representative Plaintiff, the FLSA Collective, and the Ohio Class in the amount of their unpaid wages as well as liquidated damages in an equal amount to Representative Plaintiff and the FLSA Collective; and,

  E. Award Representative Plaintiff, the FLSA Collective, and the Ohio Class their costs and attorney's fees incurred in prosecuting this action.

            Respectfully submitted,

            */s/ Hans A. Nilges*
            Hans A. Nilges (0076017)
            7034 Braucher Street, N.W., Suite B
            North Canton, OH 44720
            Telephone: (330) 470-4428
            Facsimile: (330) 754-1430
            Email: hans@ohlaborlaw.com

            Robi J. Baishnab (0086195)
            1360 E. 9th St., Suite 808
            Cleveland, OH 44114
            Telephone: (216) 230-2955
            Facsimile: (330) 754-1430
            Email: rbaishnab@ohlaborlaw.com

            *Counsel for Representative Plaintiff*

## **JURY DEMAND**

Representative Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Hans A. Nilges*

*Counsel for Representative Plaintiff*