IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KIM ANDERSON, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>RENT-A-DAUGHTER CORP. *et al.*,<br><br>    Defendants. | CASE NO. 1:22-cv-00143<br><br>JUDGE BRIDGET MEEHAN BRENNAN |
| JOANNE ACOFF, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>RENT A DAUGHTER,<br><br>    Defendant. | CASE NO. 1:22-cv-00193<br><br>JUDGE BRIDGET MEEHAN BRENNAN |

**FINAL ORDER AND JUDGMENT ENTRY
FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**

Plaintiff Kim Anderson (the "Representative Plaintiff" or "Class Representative") and Plaintiff Joanne Acoff, on behalf of themselves and the members of the proposed settlement class, and Defendants Rent-A-Daughter Corp., Rent-A-Daughter, LLC, Rent-A-Daughter Franchising, LLC, Rent-A-Daughter Concierge Service, LLC, and Nadine Glatley (collectively, "Defendants" or "Rent-A-Daughter") have moved this Court to approve, as fair, reasonable, and

1

alleging collective and class action claims for unpaid overtime wages under the FLSA and corresponding state wage-and-hour statutes. Specifically, Plaintiff Acoff alleged, on behalf of herself and other similarly situated employees, that Rent-A-Daughter failed to pay for all hours worked, including, but not limited to, time worked before, between, and after appointments, and failed to pay overtime compensation at a rate of at least one and one-half times their regular rates.

4. Between January 2022 and June 2022, the Parties engaged in an informal yet comprehensive exchange of information regarding Plaintiffs' claims and Defendants' defenses to such claims. This included a thorough analysis of each Class Member's overtime damages.

5. Between January 2022 and June 2022, the Parties engaged in extensive settlement negotiations. On June 27, 2022, counsel for the Parties attended mediation with Thomas H. Bernard. That day, following multiple discussions, the exchange of correspondence, and good faith bargaining, the Parties reached an agreement to settle this matter.

6. The Settlement Agreement proposes to settle claims of Representative Plaintiff and the proposed Rule 23 Class. The proposed class settlement is subject to approval by the Court pursuant to Fed. R. Civ. P. 23(e).

7. The issues in this case were contested. A Settlement Agreement was achieved after arms-length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating FLSA and OMFWSA claims.

8. On September 28, 2022, the Court entered a Preliminary Order provisionally certifying the Class pursuant to Rule 23(a) and (b)(3), granting preliminary approval of the Settlement Agreement Class pursuant to Rule 23(e), and approving the form, content, and methods of distribution of notices to class members of the pendency of this Action, the proposed

settlement, and the date of the Fairness Hearing ("Class Notice"). The Court provisionally approved Representative Plaintiff Kim Anderson as Class Representative of the Class, and appointed as Class Counsel Robi J. Baishnab, Shannon M. Drahler, and Hans A. Nilges of Nilges Drahler, LLC, and Alanna Klein Fischer, Anthony J. Lazzaro, Lori M. Griffin, and Matthew S. Grimsley of The Lazzaro Law Firm, LLC.

9. The Parties' Motion for Final Approval was filed on December 2, 2022, and their Amended Motion for Final Approval was filed on January 30, 2023.

10. The Parties have filed with the Court a Declaration verifying that the Class Notice was distributed to members of the Class in the form and manner approved by the Court.

11. The Fairness Hearing convened as noticed on January 31, 2023.

12. The Court finds that the members of the Class were given notice of the pendency of this Action, the proposed settlement, and the date of the Fairness Hearing as ordered by the Court. The Court further finds that the notice was reasonable and the best notice practicable and satisfied all of the requirements of Civ. R. 23 and due process.

13. As to Representative Plaintiff and the Class, the Court finds that the proposed settlement satisfies the standard for final approval of a class action settlement under Fed. R. Civ. P. 23(e). The proposed settlement class satisfies Rule 23(a)'s requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s requirements of predominance and superiority. Representative Plaintiff Kim Anderson is an adequate representative of the Class in that she is a member of the Class and possesses the same interests and suffered the same injuries as the Class's other members. The definition of the Class encompasses persons with like factual circumstances and like claims. The settlement payments made available to the members of the Class are commensurate with their alleged claims. The

Court finds that the proposed settlement is fair, reasonable, and adequate as to the Class, and qualifies for final approval under Rule 23(e).

14. The Court approves the Settlement Agreement and orders that it be implemented according to its terms and conditions and as directed herein.

15. The Court approves the method of calculation and proposed distribution of settlement payments. The Class Settlement Payment is to be distributed to the Representative Plaintiff and members of the Class, in Individual Payments, which are calculated proportionally on each Class Member's overtime damages during the Calculation Period. The Parties have submitted the proposed Final Schedule of Individual Payments to the Court for approval. The Court approves the Schedule of Individual Payments and orders that such payments be distributed in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

16. The Total Settlement Amount is $205,000.

17. The Service Award amount allocated to Class Representative Anderson is $3,000.00.

18. The Release Payment amount allocated to Plaintiff Joanne Acoff is $2,000.00.

19. The amount allocated for attorneys' fees is one-third of the Total Settlement Amount, or $68,333.33, and the amount allocated for Class Counsel's costs is $2,176.54.

20. As outlined in the Parties' Amended Motion for Final Approval, there were two exclusions from settlement, Barbara Jones and Ashinte Drake. Their combined amount of $278.54, will be reallocated at $1.37 per Class Member. The final class allocations are listed in Exhibit 2 of the Amended Motion for Final Approval.

21. The Agreement provides that the cost of administration is being paid by

Defendants outside the Total Settlement Amount, and therefore will not affect allocations.

22. The Court approves the Service Award to Representative Plaintiff in recognition of her service in this Action, and orders that such payment be made in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

23. The Court approves the payment of attorneys' fees as provided in the Settlement Agreement and the reimbursement of expenses to Class Counsel in the amount set forth in the Settlement Agreement, and orders that such payments be made in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

24. Representative Plaintiff and the members of the Class release claims against Defendant as provided in the Settlement Agreement. Representative Plaintiff also releases claims as provided in the separate Settlement and Release Agreement entered into between Representative Plaintiff and Defendant.

25. The Court DISMISSES THIS ACTION WITH PREJUDICE.

26. The Parties are to bear their respective attorneys' fees and costs except as provided in the Settlement Agreement.

27. The Court retains jurisdiction over this Action for the purpose of enforcing the Settlement Agreement.

**IT IS SO ORDERED.**

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

**Date:** January 31, 2023